

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 14 2020

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

KAYLA TYRE, INDIVIDUALLY §
AND AS NEXT FRIEND OF §
AUSTIN RYAN TYRE, §
§
    Plaintiff, §
§
VS. § NO. 4:19-CV-951-A
§
EXCEL INDUSTRIES, INC., ET AL., §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, Excel Industries, Inc. ("Excel"), Hustler Turf Equipment, Inc. ("Hustler"), and Lowe's Home Centers, LLC, which says it was improperly named as Lowe's Companies, Inc. ("Lowe's") to dismiss. The court, having considered the motions, the response of plaintiff, Kayla Tyre, individually and as next friend of Austin Ryan Tyre ("Austin"), the reply, the record, and applicable authorities, finds that two of the motions should be granted and the third denied at this time.

### I.

### Background

On October 9, 2019, plaintiff filed her original petition in the District Court of Parker County, Texas, 43rd Judicial

1

District. Doc.[1] 1, Ex. E. On November 12, 2019, Excel and Hustler filed their notice of removal, bringing the action before this court. Doc. 1. Defendants each filed motions to dismiss plaintiff's original petition. Docs. 8-16. Plaintiff did not seek remand of the action. By order signed December 16, 2019, the court dismissed plaintiff's claims against defendant Bill Kelt, who had been improperly joined. Doc. 30. The order required plaintiff to file an amended complaint bearing in mind the pleading requirements of the Federal Rules of Civil Procedure, Local Civil Rules of this court, and the undersigned's judge-specific requirements. Id. Plaintiff failed to timely comply with the order to replead and, by order signed January 7, 2020, the court ordered plaintiff to show cause why her claims should not be dismissed. Doc. 32. Plaintiff filed her amended complaint and the court determined that no further action would be taken at that time with regard to her violation of the order to replead. Doc. 35.

As defendants note, plaintiff's amended complaint, Doc. 33, is virtually identical to her original petition.[2] This is a products liability action wherein plaintiff alleges that Austin was injured on May 5, 2019, by a Hustler Raptor 52" ZTR mower ("the mower") manufactured and sold by Excel and Hustler and

---
[1] The "Doc. __" reference is to the number of the item on the docket in this action.
[2] Lowe's contends that plaintiff failed to amend to include the proper defendant. See Doc. 1, Ex. J (agreement of plaintiff to name Lowe's Home Centers, LLC, rather than Lowe's Companies, Inc., as the proper defendant).

2

subsequently sold by Lowe's that was being driven by his grandfather.[3] Specifically,

> Austin walked up to the mower as his grandfather's back was facing towards Austin. As his grandfather turned the [] mower, the mower began to move towards Austin before his grandfather was able to even see that Austin was in its path. Suddenly and unexpectedly, the [] mower blade came into contact with Austin's leg, struck his leg causing extensive damage to the leg to where a portion of his leg had to be amputated.

Id. ¶ 9.

Plaintiff's amended pleading is so poorly worded that the court has difficulty discerning what causes of action are intended to be asserted.[4] The "Facts" section contains only five paragraphs, including paragraph 9, quoted above. Doc. 33, ¶¶ 9-13. Three of the paragraphs are based on information and belief and make the illogical allegation that the mower was manufactured and sold by both Excel and Hustler, then subsequently sold by Lowe's. Id. ¶¶ 10-12.

The alleged strict liability of each defendant is set forth in a series of paragraphs that are identical except for the name of the defendant and, in the case of Lowe's, omitting the allegation that it manufactured the mower. Id. ¶¶ 14-17 (Excel), ¶¶ 28-31 (Hustler), and ¶¶ 42-45 (Lowe's). The first paragraph of each section is worded so as to allege that while engaged in

---

[3] Plaintiff alleges that the mower was "designed for commercial use in the maintenance of lawns." Doc. 33, ¶ 13.
[4] The complaint contains so few facts that it raises more questions than it answers. For example, there is no allegation that Kayla Tyre is the mother of Austin.

the manufacture and sale of the mower, the defendant manufactured and sold the mower, id. ¶¶ 14 & 28, or, in the case of Lowe's, that while engaged in the sale of the mower, Lowe's sold the mower. Id. ¶ 42. Further, plaintiff alleges that each defendant intended and expected that the mower "so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold." Id.

Plaintiff next alleges that the mower failed in its design to:

> A. Prevent it's [sic] operator to blindly drive the ZTR mower forward while facing away from the direction the mower is moving;
> B. Prevent the mower from being able to completely run over and sever the leg of a child/person;
> C. Allow the blade of the mower to drop at the contact of flesh so as to only cause bruising and slight laceration instead of amputation of any body part that comes in contact with the blade while it is in operation;
> D. Prevent the mower blade from being exposed to come into contact with persons who may be adjacent to the mower; and
> E. Prevent the mower from moving at such a high rate of speed when the operator is making a 180 degree turn so as to allow the operator to make such quick movement in operation of the mower blindly.

Doc. 33, ¶¶ 15, 29, 43. Plaintiff alleges that there is strict liability for these defects in design. Id. ¶¶ 17, 31, 45. She then goes on to allege that the exact same design defects

4

constitute negligence on the part of Excel and Hustler.[5] Id.
¶¶ 18, 32.

The remaining claims are equally poorly alleged so as to amount to no claims at all. Many of the allegations are wholly conclusory, such as the allegations in paragraph 46.

II.

Grounds of the Motions

Lowe's argues that plaintiff has failed to name the proper entity as a defendant and that it is statutorily immune from product liability claims as a non-manufacturing seller in any event. Doc. 43.

Excel and Hustler argue that plaintiff has failed to plead sufficient facts to state any plausible products liability claim or warranty claim; that she has failed to plead sufficient facts to rely on the doctrine of res ipsa loquitur; and that she has failed to plead facts to support any claim for exemplary damages. Doc. 40.

All defendants have also filed a motion to dismiss the claims of plaintiff, individually, on the ground that she failed to plead any factual circumstances that would allow recovery of the damages she seeks. Doc. 37.

---

[5] The allegations A-E are utterly nonsensical. (For example, implicit in the concept of moving forward is that one is facing in the direction he is moving. And, how a mower is supposed to know whether its blade has touched flesh as opposed to any other substance is never explained.) In addition, plaintiff alleges that it was negligent to failure to properly warn about the condition of the mower "and its equipment and/or parts." Doc. 33, ¶¶ 18, 32. The condition is never described. Nor is there any allegation anywhere in the pleading that equipment or parts were defective.

5

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.[6] Twombly, 550 U.S. at 555 & n.3. Thus, which a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to

---

[6] Twombly holds that the old test of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, no longer applies. 550 U.S. at 562-63. Despite purporting to recognize her obligations under Twombly and Iqbal, plaintiff recites the Conley test as being the standard by which her pleading should be judged. Doc. 46 at 3.

6

state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. At 679. "Determining whether a complaint states a plausible claims for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. At 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards

7

of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. V. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Statutory claims based on allegations of fraud, such as violations of the Texas Insurance Code, as well as those for fraud, fraudulent inducement, fraudulent concealment and negligent misrepresentation are subject to the requirements of Rule 9(b). Motten v. Chase Home Fin., 831 F.

Supp. 2d 988, 994 (S.D. Tex. 2011); Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Claims Against Lowe's

Lowe's Companies, Inc., contends that it is not a proper party to this action. Plaintiff apparently concedes this to be the case as she agreed to substitute Lowe's Home Centers, LLC, as a defendant. Doc. 1, Ex. J. She never bothered to do so.

9

In any event, plaintiff alleges that the incorrectly named Lowe's entity was not a manufacturer of the allegedly defective product, but only the seller. Doc. 33, ¶ 10. But, a seller who did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

> (1) that the seller participated in the design of the product;
> (2) that the seller altered or modified the product and the and the claimant's harm resulted from that alteration or modification;
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
> (4) that:
>     (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>     (B) the warning or instruction was inadequate; and
>     (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
> (5) that:
>     (A) the seller made an express factual representation about an aspect of the product;
>     (B) the representation was incorrect;
>     (C) the claimant relied on the representation in obtaining or using the product; and
>     (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
> (6) that:
>     (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>     (B) the claimant's harm resulted from the defect; or
> (7) that the manufacturer of the product is:
>     (A) insolvent; or
>     (B) not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code § 82.003(a). Plaintiff has not pleaded any facts to show that any of the exceptions exists. Instead, she has merely regurgitated some of the statutory language. See, e.g., Doc. 33, ¶46. She has made no attempt to meet the pleading requirements of Fed. R. Civ. P. 9(b) as to the alleged misrepresentations. Harbuck v. Ford Motor Co., No. 4:18-CV-576-A, 2018 WL 4375079, at *2-3 (N.D. Tex. Sept. 13, 2018). And, as the Supreme Court has stated, a formulaic recitation of the elements of a cause of action will not suffice. Twombly, 550 U.S. at 555. The fact that plaintiff failed to respond to the motion appears to be a recognition that she has no claims against Lowe's.

B. <u>Claims of Kayla Tyre, Individually</u>

By separate motion, defendants urge that the individual claims of plaintiff must be dismissed. As they point out, plaintiff has failed to plead any cognizable physical injury for which she, individually, would be entitled to damages since she did not witness the accident the subject of this action. Roberts v. Williamson, 111 S.W.3d 113, 118-19 (Tex. 2003); Boyles v. Kerr, 855 S.W.2d 593, 598 (Tex. 1993). Plaintiff apparently recognizes that she has no individual claims, since she failed to respond to this motion.

C. <u>Claims Against Excel and Hustler</u>

The elements of a design defect claim are: (1) the product

11

was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury. Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 311 (Tex. 2009). In turn, in determining whether a design defect causes a product to be unreasonably dangerous, Texas courts apply a risk-utility analysis that requires consideration of:

> (1) the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use; (2) the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive; (3) the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs; (4) the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and (5) the expectations of the ordinary consumer.

Id. And, a safer alternative design is one that in reasonable probability would have prevented or significantly reduced the risk of the claimant's injury without substantially impairing the product's utility, and was economically and technologically feasible at the time the product left the control of the manufacturer by the application of existing or reasonably achievable scientific knowledge. Tex. Civ. Prac. & Rem. Code § 82.005(b); Scott v. Dorel Juvenile Grp., Inc., 456 F. App'x 450, 454 (5th Cir. 2012). A plaintiff must plead facts to show that a

12

safer alternative design exists to state a plausible claim for design defect. Barragan v. General Motors, LLC, No. 4:14-CV-93-DAE, 2015 WL 5734842, at *5 (W.D. Tex. Sept. 30, 2015).

Here, plaintiff acknowledges her pleading obligations, Doc. 46 at 8-9, but fails to point out where she has actually pleaded the necessary facts. Her pleading must allege sufficient facts to support the plausibility of the proposed safer design. Rodriguez v. Gilead Sciences, Inc., No. 2:14-CV-324, 2015 WL 236621, at *3-4 (S.D. Tex. Jan. 16, 2015). And, she must allege facts to show economic and technical feasibility at the time of manufacture. Barragan, 2016 WL 3519675, at *4.

In order to plead a manufacturing defect, plaintiff must allege sufficient facts to show that the mower deviated in its construction or quality from the specifications or planned output in a manner that rendered it unreasonably dangerous. Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc., 770 F.3d 322, 326 (5th Cir. 2014). And, she must allege that the mower was defective when it left the manufacturer and the defects were a producing cause of her injuries. Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797, 800 (Tex. 2006). Again, plaintiff fails to identify the facts she pleaded that make this claim plausible.

Excel and Hustler also address claims for breach of warranty. Doc. 40 at 13-16. Plaintiff does not respond to any of

these arguments, apparently conceding that she has not pleaded such claims.

Plaintiff acknowledges that to establish negligence in a products liability case, she must show that the defendant failed to use ordinary care in the design or production of the product. Sipes v. Gen. Motors Corp., 946 S.W.2d 143, 159 (Tex. App.—Texarkana 1997, writ denied). In this regard, the court has no idea if plaintiff could state such a claim if she could file a coherent pleading.

Excel and Hustler also address res ipsa loquitur, which plaintiff acknowledges to be a rule of evidence and not of substantive law. Doc. 46 at 11. (She inexplicably concludes with the argument that she has pleaded sufficient facts to support her cause of action for res ipsa loquitur. Id. at 12.) In any event, the doctrine does not apply when any one of multiple persons might have been responsible for the injury. Discount Tire Co. of Tex., Inc. v. Cabanas, 553 S.W.3d 566, 571 (Tex. App.—San Antonio 2018, pet. denied). Further, plaintiff has pleaded that the mower was under the control of Austin's grandfather, not a defendant. Hayles v. Gen. Motors Corp., 82 F. Supp. 2d 650, 659 (S.D. Tex. 1999)(for res ipsa loquitur to apply, the character of the accident must be such that it would not ordinarily occur in the absence of negligence and the instrumentality causing the injury must have been under the sole

14

management and control of the defendant). The doctrine would not apply here.

Finally, Excel and Hustler argue that plaintiff has failed to plead any facts to support her claim for exemplary damages. Although plaintiff has recited nothing but the definition of gross negligence, Tex. Civ. Prac. & Rem. Code § 41.001(11), it would be premature to dismiss her request for exemplary damages at this time.

V.

Leave to Amend

At the conclusion of her response to the motions to dismiss, plaintiff includes a request that, if the court decides to grant the motions, she be allowed to amend her complaint. Doc. 46 at 13. The court ordinarily would not grant the request. Pursuant to the Local Civil Rules of this court, a document may contain more than one pleading, motion, or other paper, but the document must clearly identify the motion in its title. Local Civil Rule LR 5.1(c). Plaintiff's response does not give notice that it includes a motion for leave to amend. Further, a motion for leave to amend must be accompanied by the proposed amended pleading. Local Civil Rule LR 15.1(a). Here, plaintiff has not provided her proposed amended pleading. Rather, it does not appear that she has any idea what would be required. She

15

represents that she "attempted to comply in good faith" with the court's earlier order that she file an amended complaint. Doc. 46 at 13. However, as defendants have pointed out, the amended complaint is virtually identical to the state court petition. Plaintiff made no attempt to comply with the Federal Rules of Civil Procedure or to take into account any of the deficiencies pointed out by defendants' prior motions to dismiss.

Although plaintiff has already had an opportunity to amend, which she squandered, the court is concerned that Austin really might have a viable claim against either Excel or Hustler if represented by competent counsel.[7] The court is not allowing leave to assert claims against Lowe's, because plaintiff failed to respond to its motion to dismiss and because it does not appear that she could state a plausible claim against it. Nor is the court allowing plaintiff to state claims on her own behalf, as she failed to respond to that motion and it is apparent that she did not witness the accident.

VI.

Order

The court ORDERS that the motion of Lowe's to dismiss be, and is hereby, granted, and plaintiff's claims against Lowe's be, and are hereby, dismissed.

---

[7] The court's concern about the quality of plaintiff's representation is exemplified by counsel's having filed an appendix in support of plaintiff's response to the motions to dismiss containing only the original petition and amended complaint, which were already in the record.

16

The court further ORDERS that defendants' motion to dismiss the claims of plaintiff, individually, be, and are hereby, granted, and that plaintiff's individual claims be, and are hereby, dismissed.

The court further ORDERS that the motion of defendants Excel and Hustler to dismiss be, and is hereby, denied.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Lowe's and as to the dismissal of plaintiff's individual claims against all defendants.

The court further ORDERS that by February 28, 2020, Austin, through his next friend, Kayla Tyre, file an amended complaint which will include only claims against Excel and/or Hustler. The court expects a meaningful and coherent pleading to be filed. The court is concerned that Kayla Tyre has failed to retain an attorney to represent Austin who is capable of preparing a coherent pleading that complies with the pleading requirements of Fed. R. Civ. P. 8 as explained in Twombly and Iqbqal and with the requirements of Fed. R. Civ. P. 9(b).

Failure to comply with this order in any respect may result in the dismissal of plaintiff's claims against Excel and Hustler without further notice.

SIGNED February 14, 2020.

/s/ John McBryde
JOHN McBRYDE
United States District Judge